1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

3
4       **ALBERTO AROCHO-CASTRO,**

5              **Plaintiff,**

6                 **v.**                                    **Civil No. 10-1223 (GAG)**

7       **JOSÉ FIGUEROA-SANCHA, et al.,**

8              **Defendants.**

9

10                              **OPINION AND ORDER**

11          Plaintiff Alberto Arocho-Castro brings this action against Defendants, the Commonwealth

12   of Puerto Rico, the Police Department of Puerto Rico ("Department"), and José Figueroa-Sancha

13   both as the Superintendent of the Department and in his individual capacity ("Figueroa"). Plaintiff

14   alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), the

15   First Amendment to the U.S. Constitution, and multiple state laws, including Law 44 of July 24,

16   1985, P.R. Laws Ann. tit 1, § 501 et seq. (Docket No. 1.) Plaintiff requests damages as well as

17   equitable relief. In response to the complaint, Defendants filed a motion to dismiss (Docket No. 8).

18          For the reasons set forth herein, the court **GRANTS** Defendants' motion to dismiss (Docket

19   No. 8). The court **DISMISSES** all federal claims and **DISMISSES** the remaining state law claims

20   without prejudice.

21   **I.      Legal Standard**

22          Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to

23   state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). When considering a

24   motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right

25   to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

26   In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in

27   the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a

28

1  court must accept as true all of the allegations contained in a complaint is inapplicable to legal

2  conclusions." Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the

3  elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing

4  Twombly, 550 U.S. at 555.). "[W]here the well-pleaded facts do not permit the court to infer more

5  than the mere possibility of misconduct, the complaint alleged-but it has not 'show[n] -'that the

6  pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

7  **II.    Factual and Procedural Background**

8        Plaintiff was in training to become a police officer after joining the Department in 1988.

9  Prior to graduation from the police academy, he suffered an injury, which resulted in the loss of part

10  of his left leg.  During his rehabilitation, Plaintiff asked to be reinstated to his prior position or to

11  be put in another position which would allow him to remain a police agent in the Department.  This

12  request was not honored and instead the Department kept Plaintiff on indefinite leave without pay.

13  After the completion of rehabilitation, a prosthesis was adopted to Plaintiff's left leg, which allowed

14  him to partake in activities as if he were not disabled.  Plaintiff continued his efforts to be reinstated,

15  but these efforts were also disregarded by the Department.  Plaintiff was terminated in 1994 as a

16  result of his disability.

17        Plaintiff appealed the Superintendent's decision to the Personnel Administration Appeals

18  Board ("JASAP"), which revoked the same and ordered the Department to reinstate Plaintiff.  The

19  Department appealed the JASAP decision to the Puerto Rico Court of Appeals.  That court

20  confirmed the JASAP decision and the Department did not appeal.  The Department, however,

21  failed to reinstate Plaintiff.   On or around August 1997, Plaintiff publicly denounced the

22  discriminatory treatment of the Department.  Soon after, the Department called Plaintiff to return

23  to work.  Without negotiating potential accommodation, and despite Plaintiff's willingness and

24  ability to work as a police agent, Plaintiff was placed as a civilian in the Department's office in

25  Arecibo.

26        Plaintiff then filed a civil action against the Department in the Puerto Rican Court of First

27  Instance in 1998 alleging discrimination.   In August 2002, while the case was pending, the

28  Department reinstated Plaintiff as a police agent.  In December 2006, the Court of First Instance

found that Plaintiff had been subject to employment discrimination in violation of Law 44.  The court awarded damages to Plaintiff in a final judgment in March 2009.

After this litigation, Plaintiff requested reasonable accommodation in his district through several individuals.  He requested to be placed in day shifts and duties which would not aggravate his condition, such as vigilance duties or patrol duty in a motor vehicle.  Plaintiff made this request because the Department insisted on placing Plaintiff in night shifts that caused agitation to his leg, causing pain and damages.  Plaintiff made the same request by letter to Figueroa.  The letter was never answered.  At one point, Plaintiff was told that since he won the complaint in court, he should face the consequences.

Plaintiff filed an administrative claim before the Equal Employment Opportunity Commission ("EEOC").  Plaintiff then filed another civil action before the Court of First Instance alleging Defendants' actions were in retaliation for the previous state court complaint.  After the civil action was filed, the Department placed Plaintiff in a day shift, but not formally as part of negotiation for reasonable accommodation.  The EEOC granted Plaintiff permission to proceed with the complaint in court on December 15, 2009.  Plaintiff then requested permission from the Court of First Instance to withdraw his complaint without prejudice in order to join it with claims in this court.  Plaintiff filed his complaint, containing all claims, on March 15, 2010.  Defendants filed their motion to dismiss on July 2, 2010, to which Plaintiff filed a response in opposition.

**III.     Discussion**

Defendants argue that state sovereign immunity under the Eleventh Amendment of the U.S. Constitution bars Plaintiff's claims under the ADA and that there is no individual liability under the ADA.

**A.     Americans with Disabilities Act**

Plaintiff presents several claims under the ADA and requests monetary, injunctive, and declaratory relief.   (Docket No. 1).   These claims include failure to provide reasonable accommodation for his disability, retaliation for filing state claims, and hostile work environment. The court considers these claims in turn.

**_____1.     Failure to Provide Reasonable Accommodation**

Civil No. 10-1223 (GAG)                    4

According to statute, an employer may incur liability for failing to reasonably accommodate an employee's known disability.  See 42 U.S.C. § 12112(5)(A).  Failure to accommodate is actionable under Title I of the ADA.  See id.  In order to prove that defendants have failed to provide reasonable accommodation, the plaintiff must assert that "(1) he suffers from a 'disability' within the meaning of the statute; (2) that [he] was a qualified individual in that [he] was able to perform the essential functions of [his] job, either with or without a reasonable accommodation; and (3) that, despite [his] employer's knowledge of [his] disability, the employer did not offer a reasonable accommodation for the disability."  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 20 (D.P.R. 2004) (citing Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999)).  Although most of these elements can be inferred from Plaintiff's complaint, the court is nonetheless unable to hear the present claim due to Defendants' immunity under the Eleventh Amendment.

The court will first address Defendants' immunity under the Eleventh Amendment.  The Eleventh Amendment prevents suits against a state in federal court without the state's consent.  See Cory v. White, 457 U.S. 85 (1982).  This immunity applies to both the state itself as well as to agencies acting as an arm of the state.  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  The Commonwealth of Puerto Rico is considered a state for the purposes of the Eleventh Amendment.  Metcalf v. Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993).  Additionally, it is well settled that the Department is an "arm of the state" and entitled to sovereign immunity.  Vega Castro v. Puerto Rico, 43 F. Supp. 2d 186, 190 (D.P.R. 1999).

In order to overcome a state's immunity from suit, a state must either consent to a suit in federal court or waive its immunity, or Congress may abrogate the immunity under its authority, or another constitutional imperative may take precedence.  Metcalf, 991 F.2d at 938 (citation omitted).  At this point in time, the Commonwealth has not consented to the current suit in federal court or waived its immunity.  See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 75 (2001) (stating there must be a "clear declaration by a state of its consent to be sued in federal courts") (citing Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 579–80 (1946)).  Additionally, no other constitutional imperative is present which takes precedent over the immunity of the Commonwealth,

and no party has presented any argument to the contrary.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

The Supreme Court has held that Congress did not abrogate sovereign immunity under Title I of the ADA.  Bd. of Trus. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001).[1]  Under Garrett, the Eleventh Amendment bars Plaintiff's Title I claims against both the Commonwealth of Puerto Rico and the Department.  Due to this immunity, all Title I claims against the Commonwealth and the Department must be **DISMISSED**.

The remaining Title I claims are against Figueroa in both his official and individual capacity.  As a general rule, equitable relief for an ongoing violation of federal law is the only relief available against state officials in an official capacity.  Ex Parte Young, 209 U.S. 123 (1909).  Under the doctrine of Ex Parte Young, monetary damages cannot be awarded against an individual in an official capacity for a claim of a past violation.  Mills v. Maine, 118 F.3d 37, 54 (1st Cir. 1997) ("The Ex parte Young doctrine does not apply in cases where plaintiffs seek monetary relief for past violations of federal law.").  Such monetary relief would simply be a way around state immunity, which is not permitted by the Eleventh Amendment.  Vega Castro, 43 F. Supp. 2d at 191.  Plaintiff alleges past violations of federal law and has made no claims of ongoing violations.  More so, Plaintiff himself acknowledges that he was placed in a daytime shift as requested by him for accommodation.  See Complaint, at ¶ 26.  As such, Figueroa, as a state official, is immune from suits for monetary damages under Title I.  All monetary claims against Figueroa in his official capacity must also be **DISMISSED**.

Claims against individuals are not allowed under the ADA.  See, e.g., Méndez-Vázquez v. Tribunal Gen. de Justicia, 477 F. Supp. 2d 406, 413 (D.P.R. 2007); Figueroa v. Fajardo, 1 F. Supp. 2d 117, 120 (D.P.R. 1998). "[A]bsent clear direction from the First Circuit or the Supreme Court, [the court] continues to follow the majority of circuits in holding that no personal liability may be

---

[1] Plaintiff argues that amendments to the ADA since the Garrett decision should prevent the states from claiming immunity under Title I.  These amendments do not affect the application of the reasoning of the Garrett court.  See Garrett, 531 U.S. at 368–69.

imposed [under the ADA]." Méndez-Vázquez, 477 F. Supp. 2d at 413 (internal citations omitted). Therefore, the claims against Figueroa in his individual capacity cannot be remedied by this court and must also be **DISMISSED**.

The only remaining remedies for Plaintiff would be injunctive or declaratory relief against Figueroa in his official capacity.  In order to have standing to bring a claim, Plaintiff must (1) have "suffer[ed] some injury . . .  particularized to [him];" (2) the injury must be "fairly traceable to the allegedly illegal conduct of the defendant;" and (3) "a favorable decision will likely redress the injury." Becker v. Fed. Election Comm'n, 230 F.3d 381, 385 (1st Cir. 2000).

At the time this claim was filed in state court, Plaintiff had not been granted any form of reasonable accommodation and therefore had an injury which was traceable to Defendants.  Since then, Plaintiff has been granted the reasonable accommodation he sought, transfer to a daytime shift in his district.  While it was not granted for a few months, Plaintiff was granted his requested accommodation shortly after the commencement of this case, which renders Plaintiff's request for injunctive relief moot. See Forestier Fradera v. Municipality of Mayagüez, 440 F.3d 17, 20 (1st Cir. 2006) (dismissing employee's claim for injunctive relief as moot after having been granted his requested accommodation).  The court recognizes that Defendants did not formally label this reasonable accommodation as such, but it remains a barrier to injunctive relief.

Additionally, declaratory relief cannot be granted because Plaintiff neither alleges an ongoing violation nor any discriminatory act likely to occur in the future.  Declaratory relief cannot be granted under the ADA for past events "even if the past events amounted to a violation of federal law." Lorenzo Font v. Francisco, 260 F. Supp. 2d 394, 401 (D.P.R. 2003) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111(1983)).  Because Plaintiff's requests for injunctive and declaratory relief have been rendered moot, the court must also **DISMISS** all claims against Defendants for failure to provide reasonable accommodation.

### 2.      Retaliation

Retaliation for protected conduct is prohibited under Title V of the ADA.  See 42 U.S.C. § 12203.  Neither the First Circuit nor the Supreme Court has yet decided whether Title V of the ADA abrogates Eleventh Amendment immunity.  The court need not address this issue at this time,

because, in the event that such a claim would be allowed, Plaintiff has not sufficiently alleged a Title V retaliation claim.

In order to present a valid claim under Title V, the plaintiff must allege that he "engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." Sifre v. Health Dep't, 38 F. Supp. 2d 91, 101 (D.P.R. 1999) (citing Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999)).

In 1998, Plaintiff filed a claim against the Department alleging he was subject to discriminatory treatment. The filing of a claim in court is specifically protected under the ADA. See 42 U.S.C. § 12203 ("No person shall discriminate against any individual because such individual . . . made a charge . . . under this act.").

Plaintiff does not meet the standard for stating a claim for retaliation because he has failed to allege sufficient facts to "raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555. Plaintiff alleges he was told that he "won the complaint in Court [and] he should face the consequences." (Docket No. 1.) Plaintiff puts forth general allegations that "retaliatory acts" occurred, but does not provide any allegation of a specific act or retaliatory context. (See Docket No. 1.) These allegations of action and retaliatory animus are supported only by conclusory statements. See Iqbal, 129 S.Ct. at 1949. Conclusory statements are not sufficient to demonstrate that a plaintiff is entitled to relief. Id. The remark by an unidentified speaker is not a sufficient allegation of adverse action by Defendants. See Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 67 (2006) (stating that an individual is not protected from all retaliation, but only retaliation that "produces an injury or harm"). Drawing all inferences in favor of Plaintiff and taking all well-pleaded facts as true, the court is unable to find that Plaintiff is entitled to relief and must **DISMISS** Plaintiff's claims of retaliation under Title V.

### 3.    Hostile Work Environment

Plaintiff alleges that he was subject to a hostile work environment as a result of his disability. In order to make a claim for a hostile work environment, the plaintiff "must show that the employer engaged in 'harassment so severe or pervasive as to alter conditions of employment and create an

abusive working environment.'" <u>Rodríguez v. Loctite P.R. Inc.</u>, 967 F. Supp. 653, 663 (D.P.R. 1997) (citing <u>Henry v. Guest Serv., Inc.</u>, 902 F. Supp. 245, 252 n. 9 (D.D.C. 1995)).  The court must look to all surrounding circumstances to determine if treatment constitutes a hostile work environment. <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 23 (1993).  This "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employees work performance." <u>Id</u>.

In reviewing Plaintiff's complaint, the court finds no factual allegations which could give rise to such severity.  Plaintiff was allegedly subject to a hostile work environment, yet he provides no specific instances of hostility beyond "conclusory statements."  <u>See Iqbal</u>, 129 S.Ct. at 1949. Plaintiff stated that a letter to Figueroa regarding reasonable accommodation was not answered and that he was told that, because he had won his complaint in court, he should face the consequences. Outside these broad allegations of "acts of retaliation and discrimination," the complaint does not allege any circumstances which would allow the court to infer that employment conditions were altered.  (<u>See</u> Docket No. 1.)  These isolated incidents are not enough to show a hostile environment. <u>See Ríos-Jiménez v. Principi</u>, 520 F.3d 31, 43 (D.P.R. 2008).  The complaint leaves the court unable to infer a plausible right to relief, which requires the court to **DISMISS** Plaintiff's claim of a hostile work environment.  <u>See Twombly</u>, 550 U.S. at 570.

Accordingly, the court **DISMISSES** all claims against Defendants under the ADA.

**B.     § 1983 Claim**

Plaintiff also alleges that Defendants have interfered with his First Amendment right to assert causes of action.[2]  In order to establish a cause of action under § 1983, the plaintiff must allege that: "(1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived plaintiff of rights secured by the Constitution or laws of the United States." <u>Vélez-</u>

---

[2] Although Plaintiff's complaint makes no mention of 42 U.S.C. § 1983, his opposition in reply to the motion to dismiss makes clear that Plaintiff intends to claim a cause of action under § 1983.  <u>See Davis v. Durham Mental Health Dev. Disabilities Substance Abuse Area Auth.</u>, 320 F. Supp. 2d 378, 404 n.28 (M.D.N.C. 2004) (noting a policy of inferring a § 1983 claim rather than dismissing on a technicality).

Civil No. 10-1223 (GAG)                    9

Rivera v. Agosto-Alicea, 437 F.3d 145, 151–52 (D.P.R. 2006) (citing Johnson v. Mahoney, 424 F.3d 83, 89 (1st Cir. 2005)).  In addition, plaintiff must show that defendant's actions were the cause in fact which deprived plaintiff of the protected conduct.  Rodríguez-Cirilo v. García, 115 F.3d 50, 52 (D.P.R. 1997).

As stated above, Plaintiff's complaint fails to provide supporting factual allegations to his claims against Defendants.  The complaint is replete with the phrase, "acts undertaken by the Defendants," but such acts remain absent from the complaint.  See (Docket No. 1.)  In taking all well-pleaded facts as true and drawing all reasonable inferences in favor of Plaintiff, the court cannot determine what conduct interfered with Plaintiff's First Amendment rights, or to whom such conduct can be attributed.  Plaintiff has not pleaded this claim to a plausible standard and we must **DISMISS** all § 1983 claims against Defendants.

**C.    State Claims**

Plaintiff has also put forth a number of state claims under the supplemental jurisdiction of this court.  See 28 U.S.C. § 1367.  "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir.1995).  The court has dismissed all of the underlying federal claims and therefore declines to exercise jurisdiction over the substantive state claims.  The court **DISMISSES** all state law claims without prejudice.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** Defendants' motion to dismiss. (Docket No. 8.)  The court **DISMISSES** all federal claims against Defendants with prejudice and **DISMISSES** all state claims without prejudice.

**SO ORDERED**.

_____In San Juan, Puerto Rico this 29th day of September, 2010.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge